**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KEITH RUSSELL JUDD,** | : |
| **Petitioner** | : **CIVIL ACTION NO. 3:05-1198** |
| v. | : **(MUNLEY, D.J.)** |
| | **(MANNION, M.J.)** |
| **KAREN F. HOGSTEN, Warden,** | : |
| **LSCI Allenwood,** | |
| | : |
| **Respondent** | |
| | : |

**REPORT AND RECOMMENDATION**

Before this court is the petitioner's petition for writ of habeas corpus. (Doc. No. 1.) For the following reasons, the court recommends that the petition be denied.

**I.   Background**

The petitioner, an inmate at the Allenwood Low Security Correctional Institution ("LSCI Allenwood"), White Deer, Pennsylvania, proceeding *pro se* and *in forma pauperis*, filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241[1] on June 16, 2005. (Doc. No. 1.)  On June 30, 2005, the

---

[1] The petitioner purports to file the instant petition under § 2241 and claims that 28 U.S.C. § 2255 "does not apply, since I am not authorized to [pro]ceed under 28 U.S.C. § 2255." (Doc. No. 1.) The court notes its doubts as to the petitioner's proceeding by § 2241 instead of § 2255. See In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997) (discussing the applicability and differences between §§ 2241 and 2255) (citing United States v. Hayman, 342 U.S. 205 (1952)).  But because of the recommended disposition of this case, the court need not, and does not, evaluate the propriety of the petitioner's procedural argument, although it appears superficially that the petitioner has not to satisfied § 2255's procedural prerequisites.

court ordered the respondent warden of LSCI Allenwood to show cause why the writ should not be granted. (Doc. No. 8.) The respondent submitted her response on July 20, 2005, and the petitioner submitted his traverse on August 1, 2005. (Doc. Nos. 13 & 17.) In addition, the petitioner has submitted well over thirty supplements and amendments to his petition and traverse, which generally reiterate his arguments and contain documentary evidence of his administrative and court filings and the responses to them. (Doc. Nos. 5, 9-12, 14, 20, 18-21, 23-33, 35, 37-44, 47-49, 55, 57, 58, 60, 64, 65, & 81.) The petitioner also filed various other motions and supporting documents. (Doc. Nos. 3, 6, 7, 16, 34, 36, 45, 46, 51, 52, 54, 56, 61, 63, 66, 68-74, 76, 77, 79.) Currently pending before the court, in addition to the petition, are a motion for a preliminary injunction to compel the respondent to provide "UNOBSTRUCTED ACCESS TO COURT" (Doc. Nos. 56, 59, 61, 63, 68, 69, 72, & 76) and a motion for reconsideration of the court's order denying the petitioner's motion for appointment of counsel (Doc. Nos. 77-78 & 80).[2]

---

[2] The petitioner is a habitual, voluminous filer, often of abusive and frivolous claims and appeals. See Judd v. Furgeson, 239 F.Supp.2d 442, 443 n.1 (D.N.J. 2002) ("An examination of court records revealed that since his conviction in 1999, Keith Russell Judd has filed well over 200 civil actions and appeals in district and appellate courts all over the United States.") (discussing frivolous filings); Judd v. Univ. of New Mexico, 204 F.3d 1041, 1043-45 (10th Cir. 2000) (same); id. at 1044 n.4 ("On occasion, Mr. Judd has filed an appeal which was not jurisdictionally barred or subject to dismissal for failure to pay the appropriate filing fee. These occasions, however, form only a small minority of his filings with this court.") (internal citation omitted). The United States Supreme Court, the Fifth and Tenth Circuits, and the United States District Court for the Western District of Texas have imposed filing restrictions. See Judd v. United States Dist. Ct. for the W. Dist. of Texas, 528

On September 27, 1999, the petitioner was convicted by a jury of two counts of mailing a threatening communication with intent to extort money or something of value in violation of 18 U.S.C. § 876. See United States v. Judd, 252 F.3d 435 (5th Cir. 2001) (per curiam) (not published) (affirming conviction and sentence). Because of various aggravating factors that increased the offense level by a total of eighteen and the criminal history category from one to four, the petitioner was sentenced to 210 months' imprisonment. Id. Arguing that the sentence is unreasonable in light of United States v. Booker, 543 U.S. 220 (2005), he is "denied access to the Court for Pro Se relief," and, as a prisoner with a "serious mental disability," he is entitled to reasonable accommodation under Tennessee v. Lane, 541 U.S. 509 (2004), and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the petitioner on April 10, 2005, requested the director of the Federal Bureau of Prisons ("BOP") to move in federal court under 18 U.S.C. § 3582(c)(1)(A)(I) to modify his sentence. (Doc. No. 1 & exs.) The petitioner contended that the three reasons constituted "extraordinary and compelling reasons" warranting

---

U.S. 5, 5-6 (1999) (per curiam); Univ. of New Mexico, 204 F.3d at 1044-45; Judd v. United States Dist. Ct., Nos. 98-51118, 98-51195, 99-50023 (5th Cir. 1999); Judd v. Univ. of New Mexico, No. 96-122 (W.D. Tex. 1998) (not reported), appeal dismissed, 134 F.3d 367 (5th Cir. 1997) (table), cert. denied, 525 U.S. 863 (1998); see also Judd v. Ashcroft, No. 03-5188, 2004 WL 574348, at *1 (D.C. Cir. 2004) (not reported) (threatening filing restrictions because of petitioner's abusive filings). A case search on Westlaw using "Keith Russell Judd" reveals that the petitioner has filed cases in federal district courts in the District of Columbia, Maryland, Missouri, New Jersey, New Mexico, Pennsylvania, South Carolina, Texas, and West Virginia; in the Courts of Appeals for the Third, Fourth, Fifth, District of Columbia, and Federal Circuits; and, in the United States Supreme Court.

modification.  (Id.)  The BOP, through the respondent, denied the request on May 2, 2005.  (Id.)

In the instant petitioner, the petitioner challenges the BOP's refusal to move for a sentence modification.  He "asks this Court to grant a Writ of Habeas Corpus . . . to review Harley G. Lappin, Director of the Federal Bureau of Prisons' decision delegated to Warden Karen F. Hogsten . . . Denying my request for the Director to file a Motion under 18 U.S.C. § 3582(c)(1)(A)(I), for a reduction in a sentence for 'extraordinary and compelling reasons.'" (Doc. No. 1 (emphasis in original).)  He seeks a review of the BOP's decision and "any other relief appropriate and just."  In the response, the respondent argues that the petition must be dismissed because the petitioner has failed to exhaust administrative remedies and this court lacks jurisdiction to adjudicate the petition.  (Doc. No. 13.)

The court interprets the petitioner's request for the court to review the BOP's denial as either a request for the court to modify the petitioner's sentence under § 3582(c)(1)(A)(I) or to issue a writ of mandamus compelling the director of the BOP to move to modify the petitioner's sentence.  Under both interpretations, the court finds that it lacks jurisdiction and recommends that the petition be dismissed as improperly before it.  It does not address any habeas corpus procedural grounds affecting the petition or the merits of the petitioner's claims.

## II. Discussion

The court finds that it lacks jurisdiction under 18 U.S.C. § 3582(c)(1)(A) to address the instant petition. Section 3582(c)(1)(A)(I) provides:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

The statute's language constrains this court in two ways. See Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 300-301 (1989) ("Interpretation of a statute must begin with the statute's language."). First, it requires the director of the BOP to file a motion before the court can modify a prisoner's sentence. The director has refused to do so, and the court cannot act on the petition without his motion. See United States v. Powell, 69 Fed.Appx. 368 (9th Cir. 2003) (not published) (affirming district court's denial of prisoner's motion for modification under § 3582(c)(1)(A)(I) because director of the BOP had not moved for modification); United States v. Arnold, 54 Fed.Appx. 794 (5th Cir. 2002) (not published) (same); United States v. Hudson, 44 Fed.Appx. 457, 458 n.1 (10th Cir. 2002) (not published) (same); Taylor v. Hawk-Sawyer, 39 Fed.Appx. 615 (D.C. Cir. 2002) (not published) (same); United States v. Benjamin, 188 F.3d 509, at *4 (6th Cir. 1999) (table) (not published) (same); United States v. Coley, No. 99-033, 2005 WL 1107375, at *1 (D.Del. 2005) (slip copy) (only director of BOP, and not

prisoner, can move for sentence modification under § 3582(c)(1)(A)(I)); United States v. Hawkins, No. 93-221-01, 1996 WL 502199, at *2 n.2 (E.D. Pa. 1996) (not reported) (same); United States v. Fountain, No. 91-63-16, 1993 WL 534219, at *1 (E.D. Pa. 1993) (not reported) (same); cf. Fernandez v. United States, 941 F.2d 1488, 1492-93 (11th Cir. 1991) (holding that 18 U.S.C. § 4205(g), authorizing a court to reduce a prisoner's minimum term "[a]t any time upon motion of the" BOP, provides the BOP with "absolute discretion" that allows no judicial review of refusal to file motion); Simmons v. Christensen, 894 F.2d 1041, 1042-43 (9th Cir. 1989) (same); Turner v. United States Parole Comm'n, 810 F.2d 612, 614-18 (7th Cir. 1987) (same). Accordingly, this court has no jurisdiction to determine whether the petitioner's sentence should be modified. The court consequently recommends that the petition for writ of habeas corpus be denied.

Second, the statute refers to "the court." Section 3582 governs the "[i]mposition of a sentence of imprisonment" and addresses itself to the court imposing sentence. There is no indication that the statute means a different court in § 3582 generally than in § 3582(c)(1)(A)(I) specifically. All of § 3582's subsections consistently use "the court," which, by not using the article "a" to mean "any court" or the plural "the courts" seems clearly to refer only to the sentencing court. See United States v. Perez, 152 Fed.Appx. 130, 132 (3d Cir. 2002) (not precedential) (referring to modification of sentence by "a sentencing court"); 28 C.F.R. § 571.60 ("Under 18 U.S.C. § 3582(c)(1)(A), a

6

<u>sentencing court</u>, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment") (emphasis added); <u>cf.</u> 28 U.S.C. §§ 1330-58, 1361-64, 1367-69(a), 2241 (enumerating the jurisdiction and powers of "the district courts"), <u>id.</u> §§ 1359, 2254(a) (enumerating the jurisdiction and powers of "a district court"), <u>and id.</u> §§ 2243, 2255 (enumerating the power of "a court"), <u>with id.</u> §§ 1369(b) (in a case under subsection (a), which authorizes original jurisdiction in "[t]he district courts," "the district court" actually hearing the case must abstain under certain circumstances), 2244(b)(3)(A) (having heard one habeas petition, "the district court" may not hear a second or successive habeas petition unless excused), 2255 (detailing the procedures for "the court" in which a habeas petition is filed). Accordingly, the petitioner must seek a modified sentence in the court that sentenced him, and this court has no jurisdiction to determine whether the petitioner's sentence should be modified. The court consequently recommends that the petition for writ of habeas corpus be denied.

Finally, this court also finds that, to the extent the petitioner actually seeks an order requiring the director of the BOP to move for a sentence modification, it has no jurisdiction to compel the director.[3] The BOP is a federal agency within the Department of Justice. Act of May 14, 1930, ch. 274, Pub. L. No. 71-218, 46 Stat. 325 (codified as amended at 18 U.S.C. §

---

[3] If the petitioner is seeking such an order, then he is properly petitioner for writ of mandamus, not habeas corpus.

7

4041 (2006)).  As a federal agency, the BOP's relationship with the federal courts is governed by the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq.  The APA, id. § 702, provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  A reviewing court is empowered to "compel agency action unlawfully withheld," which means the court can issue a writ of mandamus. Id. § 706(1); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004). However, a writ of mandamus may only issue with respect to "'a specific, unequivocal command,'" that is, "'a precise, definite act . . . about which [an official] ha[s] no discretion whatever.'"  Norton, 542 U.S. at 63 (quoting Interstate Commerce Comm'n v. New York, New Haven, & Hartford R.R. Co., 287 U.S. 178, 204 (1932); United States ex rel. Dunlap v. Black, 128 U.S. 40, 46 (1888) (internal citation omitted)).  Non-ministerial, discretionary actions are not subject to a writ of mandamus.  Id.

In this case, § 3582(c)(1)(A)(I) does not require the director of the BOP to move to modify a prisoner's sentence.  It is purely a discretionary act that the court cannot compel.  Accordingly, this court has no jurisdiction to review the director's refusal to move to modify the petitioner's sentence and to compel him to so move.  The court consequently recommends that the petition for writ of habeas corpus be denied.

Because of the court's findings with respect to its jurisdiction to hear the

petition for writ of habeas corpus, it further recommends that the petitioner's two pending motions (Doc. Nos. 56 & 77) be dismissed as moot.

### III. Conclusion

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1). the petitioner's petition for writ of habeas corpus (Doc. No. 1) be **DENIED**; and,

(2). the petitioner's motion for a preliminary injunction to compel the respondent to provide "UNOBSTRUCTED ACCESS TO COURT" (Doc. No. 56) and motion for reconsideration of the court's order denying the petitioner's motion for appointment of counsel (Doc. No. 80) be **DISMISSED** as moot.

                S/ Malachy E. Mannion
                **MALACHY E. MANNION**
                **United States Magistrate Judge**

Date: June 13, 2006
O:\shared\REPORTS\2005 Reports\05-1198.01.wpd