IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | : | No. 3:05cv1198 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KAREN HOGSTEN, | : | |
| *Warden LSCI Allenwood,* | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the court for disposition is United States Magistrate Judge Malachy E. Mannion's Report and Recommendation ("R & R") suggesting that we deny Petitioner Keith Russell Judd's Petition for a Writ of Habeas Corpus. Petitioner has filed objections, making this matter ripe for disposition. For the following reasons, we will adopt the R & R and dismiss the case.

**I.     Background**

On June 16, 2005, Judd, an inmate at the Low Security Correctional Institution at Allenwood ("LCSI Allenwood"), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"), wherein he challenges his conviction and sentence in the United States District Court for the Western District of Texas. Petitioner has filed thirteen petitions for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania since March 2004 and has filed hundreds of petitions with various courts since his incarceration, Judd v. Fergeson, 239 F. Supp. 442, 443 n.1 (D.N.J. 2002).

**II.     Standard**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  The judge may also receive further evidence or recommit the matter to the magistrate with instructions. Id.

**III.    Discussion**

Petitioner argues that his sentence should be reduced under 28 U.S.C. § 2241[1] because his impaired mental condition constitutes an extraordinary and compelling reason for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(ii).

> The court may not modify a term of imprisonment once it has been imposed except that--(1) in any case--(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -- (ii) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(ii).

Petitioner requested that the Director of the Bureau of Prisons file a motion on his behalf, and this request was denied.  Since the Director declined to file this motion, we

---

[1] This section provides, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241.

2

cannot reduce the sentence even if extraordinary and compelling reasons exist. See, e.g., United States v. Jackson, 205 F. Supp. 2d 876, 883 (W.D. Tenn. 2002). Moreover, we cannot issue a writ of mandamus compelling such a motion because it is within the Director's discretion. See Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004).

Petitioner additionally seeks relief pursuant to Booker v. United States, 543 U.S. 220 (2005), which declared the United States Sentencing Guidelines unconstitutional when applied manditorily and excised those provisions requiring mandatory application. Booker, however, does not apply retroactively and thus affords Petitioner no relief. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005).

Finally, he argues that the Americans with Disabilities Act, 42 U.S.C. § 12101 requires that we provide him unfettered access to the Courts. Numerous courts have restricted Petitioner's access because of his insistence on flooding the court system with his complaints. See, e.g., Judd v. United States District Court for West. Dist. of Texas, 528 U.S. 5 (1999) (restricting Petitioner's prospective filings with the Supreme Court of the United States). We find nothing in the ADA that prevents courts from restricting frivolous lawsuits. "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C.A. § 12132. The ADA requires that disabled individuals have the same access as non-disabled individuals. See PGA Tour, Inc. v. Martin, 532 U.S. 661, 676-77 (2001). Disabled and non-disabled

individuals alike may not repeatedly file frivolous lawsuits. Petitioner's access to the courts has not been restricted because of his alleged disability, or in a way that discriminates against him based on the disability. Therefore, we will adopt the Report and Recommendation, deny his Petition, and dismiss this case. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH RUSSELL JUDD,** | : | No. 3:05cv1198 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **KAREN HOGSTEN,** | : | |
| *Warden LSCI Allenwood*, | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of July 2006, it is hereby **ORDERED** that:

1) Petitioner's objections to Magistrate Judge Mannion's Report and Recommendation are **OVERRULED**

2) Magistrate Judge Mannion's Report and Recommendation (Doc. 82) is **ADOPTED**;

3) Petitioner's motion for a writ of habeas corpus (Doc. 1) is **DENIED**;

4) Petitioner's motion for Unobstructed Access to Court (Doc. 56) is **DENIED**;

5) Petitioner's motion for reconsideration of the court's order denying his motion to appoint counsel (Doc. 80) is **DENIED**;

6) Petitioner's motion for an extension of time to file further objections (Doc. 96) is **DENIED**.

7) For the reasons set forth in the accompanying memorandum, we conclude that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, there is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c);

8) The clerk of court is directed to close this case.

                                       **BY THE COURT:**

                                       **s/ James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**